**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | Chad | Hirth |
| | First Name          Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Amanda | Hirth |
| | First Name          Middle Name | Last Name |

United States Bankruptcy Court for the: EASTERN        District of    KENTUCKY
(State)

Case number  (If known)      18-20001

☒ Check if this is an **amended plan**, and list below the sections of the plan that have been changed.

_____

_____

Local Form 3015-1(a)

# Chapter 13 Plan

12/17

---

**Part 1:**   **Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district.  Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☒ Included | ☐ Not included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ Included | ☒ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not included |

---

**Part 2:**   **Plan Payments and Length of Plan**

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

| | | | | | |
|---|---|---|---|---|---|
| $115.00 | Per | Month | For | 6 | months |
| $388.78 | Per | Month | For | 34 | months |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:** *Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): *Click or tap here to enter text.*

**2.3 Income tax refunds.** *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income tax refunds as follows: Debtors do not expect a tax refund. If any is received it shall be committed to the plan to the extent that of any deficit between their disposable monthly income and plan payments, if any. If no such deficit exists and Debtors receive a tax refund, Debtors shall retain the refunds during the plan term and recalculate their disposable monthly to include the refund amount and modify plan payments accordingly, subject to the court's approval.

**2.4 Additional payments.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ $13,774.96**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments and cure of default, if any.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | **Estimated Average** Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Carrington Mortgage Services, LLC | 6305 Tessie Circle, Burlington, KY 41005 | $ 829.48 Disbursed by: ☐ Trustee ☒ Debtor(s) | $2,602.06 | 0.00% | $59.44 | $2,602.06 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate* | Monthly payment to creditor (Based on 36 Mos) | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Capital One Auto Finance | $11,135.76 | 2014 Kia Forte | $8,266.27 | $ 0.00 | $8,266.27 | % 0.00 | $ 229.62 | $8,266.27 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims

| **Part 4:** | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments; and during the plan term, they are estimated to total $ $1,280.00

**4.3 Attorney's fees**

1. Counsel for the debtor requests compensation as follows:

a. ☒ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for Debtor's counsel shall be allowed in the amount of $ 2,000.00 (not to exceed $3,500). Of this amount, the debtor paid $ 200.00 prior to the filing of the petition, leaving a balance of $ $1,800.00 to be paid through the plan. (The Debtor/Attorney for Debtor have complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.

OR

b. ☐ An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

2. Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ Click or tap here to enter text.

☐ Click or tap here to enter text % of the total amount of these claims, an estimated payment of $ Click or tap here to enter text.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00.  Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**  *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:**    **Executory Contracts and Unexpired Leases**

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** ***Check one.***

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:**    **Vesting of Property of the Estate**

**7.1  Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon**  *Check the applicable box:*

☒ plan confirmation.
☐ entry of discharge.
☐ other Click or tap here to enter text

**7.2  Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

**Part 8:**    **Nonstandard Plan Provisions**

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**8.2 Payments outside the plan.**

    a.   _Long Term Mortgage._ As provided in Section 3.1 above, monthly payments of $*829.48 to Carrington Mortgage Services, LLC shall be made outside of the plan by Debtor(s). The curing of arrearages shall be made as set forth in Section 3.1 above.*

**8.3 Treatment of Deficiencies secured claims.** In the event that relief from stay is granted to any secured creditor, or in the event that the Debtors surrender the collateral to the creditor after confirmation, any resulting deficiency remaining after the liquidation of the collateral, shall be classified and paid only as a general unsecured claim, to the extent of the amount of any such deficiency. Any amount of such deficiency that remains unpaid shall be discharged upon completion of the plan. This special provision is intended to cover any and all secured claims, whether payment on such claims are to be made through the plan by the Trustee or to be made directly by the Debtors.

**8.4 Release of Liens.** Each holder of a secured claim that is paid during the term of this Plan shall upon discharge of the Debtor and/or full payment of its claims, release any liens recorded against property securing such claims.

**8.5 Debtor Claims.** Debtors expressly retain for themselves and the Chapter 13 Trustee any and all pre-petition claims against any holder of a claim, and the confirmation of this Plan shall not waive any such claims.

| Part 9: | Signature(s): |
| --- | --- |

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

✖ _/s/ Chad Hirth_                                     ✖ _/s/ Amanda Hirth_
Signature of Debtor 1                                    Signature of Debtor 2

Executed on 05/14/2018                           Executed on 05/14/2018

✖ _/s/ J. Christian A. Dennery_                     Date  05/14/2018
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse.  If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
| --- | --- |
| a.  **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $ 2,602.06 |
| b.  **Modified secured claims** (*Part 3, Section 3.2 total*) | $8,266.27 |
| c.  **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $0.00 |
| d.  **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $0.00 |
| e.  **Fees and priority claims** (*Part 4 total*) | $3,080.00 |
| f.  **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $ 0.00 |
| g.  **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h.  **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i.  **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | $0.00 |
| j.  **Nonstandard payments** (*Part 8, total*) | $0.00 |
|     **Total of lines a through j** | **$13,908.53** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2018, a copy of the foregoing was served electronically through the Court's ECF System to all parties registered to receive notices in the above captioned case, and on the following by regular U.S. Mail:

Allergy Partners of Greater Cinti/No KY
517 Centre View Blvd.
Crestview Hills, KY 41017-3444

Capital One
PO Box 30281
Salt Lake City, UT 84130

Capital One Auto Finance
AIS Portfolio Serv.
PO Box 4360
Houston, TX 77210

JP Morgan Mortgage Acq. Corp.
Carrington Mort. Serv., LLC
1600 S. Douglass Rd.
Anaheim, CA 92806

Cincinnati Bell
221 E. Fourth St. 103-1065
Cincinnati, OH 45202

Commonwealth Orthopedic Centers
PO Box 188010
Erlanger, KY 41018

Credit One Bank Na
PO Box 98875
Las Vegas, NV 89193

Department of The Treasury
Financial Management Service
PO Box 1686
Birmingham, AL 35201-1686

Florence Urgent Care
8820 Bankers Street
Florence, KY 41042

Independent-Anesthesiologist-Psc
20 Medical Village Dr # 258
Edgewood, KY 41017

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kentucky Department of Revenue
PO Box 5222
Frankfort, KY 40602

Lowe's/Synchrony Bank
PO Box 530914
Atlanta, GA 30353-0914

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Navient Solutions
United Student Aid Funds
PO Box 8961
Madison, WI 53708-8961

Radiology Assoc. of Northern KY, PLLC
PO Box 932163
Cleveland, OH 44193

St. Elizabeth Healthcare
1 Medical Village Dr.
Edgewood, KY 41017

St. Elizabeth Physician Services
2300 Chamber Center Dr., Ste 300
Fort Mitchell, KY 41017

Syncb/Care Credit
950 Forrer Blvd.
Kettering, OH 45420

Webbank/Fingerhut
6250 Ridgewood Rd.
Saint Cloud, MN 56303

Merchant's Credit Guide, Co.
223 West Jackson Blvd., Ste 700
Chicago, IL 60606

Wynn-singer
5861 Cheviot Rd.
Cincinnati, OH 45247

GLA Collection Co Inc.
2630 Gleeson Lane
Louisville, KY 40299

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541

Receivables Performance Management,
LLC
20816 44th Ave West
Lynnwood, WA 98036

Midland Funding LLC
PO Box 2011
Warren, MI 48090

Quantum3 Group LLC
PO Box 788
Kirkland, WA 98083-0788

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

*/s/ J. Christian A. Dennery*
J. Christian A. Dennery